Xing v. Holder

BIA
Vomacka, IJ
A088 652 036

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand thirteen.

PRESENT:
      DENNIS JACOBS,
      JON O. NEWMAN,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

JUAN LIN XING, AKA JUAN LIN ZING,
AKA XING JUAN LIN,
     *Petitioner,*

      v.              12-2008
                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Gerald Karikari, New York, New York.

FOR RESPONDENT:    Stuart F. Delery, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Lin Xing, a native and citizen of China, seeks review of an April 19, 2012, order of the BIA, affirming an October 7, 2010, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Lin Xing*, No. A088 652 036 (B.I.A. Apr. 19, 2012), *aff'g* No. A088 652 036 (Immig. Ct. N.Y. City Oct. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the

circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on the inconsistency between Xing's testimony that she joined an underground church in China in 2007 and letters from her mother and her fellow church member, indicating that she joined the church in late 2008. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Xing's explanations for this discrepancy, including that her friend had made a typographical error, were not so compelling as to require reversal of the IJ's findings. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so).

Furthermore, Xing does not challenge the agency's finding that she failed to provide reasonably available corroboration of her claim, including evidence from her brother or her husband, both of whom allegedly attended her Christian church in New York. The absence of such evidence rendered Xing "unable to rehabilitate testimony that has already been called into question," *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007), and constituted an independent basis for denying her application. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Because the above reasons provide substantial evidence as needed to uphold the agency's adverse credibility determination, we do not reach the agency's other bases for its credibility finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We also decline to reach whether the agency erred in its finding that Xing established no pattern or practice of persecution against Christians in China. The agency's adverse credibility finding subverted Xing's claim that she currently practiced Christianity as well as her claim to membership in the class of Christians in China, which is a prerequisite for her pattern or practice claim. *See* 8

4

C.F.R. § 1208.13(b)(2)(iii)(B).  In light of the agency's properly supported adverse credibility and corroboration findings, it did not err in denying Xing's applications for relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal is DENIED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk